UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO CORNEJO GONZALEZ,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT,<br>Respondent. | No. 1:26-cv-07118-DAD-JDP<br><br><u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT</u><br><br>(Doc. Nos. 1, 2) |

On September 4, 2026, petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1), and a motion for temporary restraining order (Doc. No. 2). In his habeas petition, petitioner alleges that his detention violates the Due Process Clause and the Immigration and Nationality Act ("INA") because he was detained without a notice or a pre-deprivation hearing. (Doc. No. 1 at 9–10.)

On September 8, 2026, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 5.) In that same order, the court directed if respondents opposed the court ruling on the underlying petition based on the current briefing before it,

respondents were to so indicate in the opposition and provide substantive reasons in support of that position. (*Id.*)

On September 9, 2026, respondents filed a combined response to the petition for writ of habeas corpus and to petitioner's motion for temporary restraining order. (Doc. No. 6.) Therein, respondent concedes that 28 U.S.C. § 1226(a) governs petitioner's detention. (*Id.* at 1.) Respondent argues that the pending petition should be denied or stayed and petitioner should be required to exhaust his administrative remedies, but that if the court grants the petition, petitioner is entitled only to a custody re-determination hearing pursuant to § 1226(a) and its implementing regulations. (*Id.* at 3–4.) Respondent has not indicated that it opposes the court ruling on the merits of the underlying petition based on the briefing presently before it, and the court will do so.

First, as to respondent's exhaustion argument, the court incorporates the reasoning set forth in *Ramirez v. Warden of Golden State Annex Det. Facility*, No. 1:26-cv-02544-DAD-AC (HC), 2026 WL 1078250, at *2–3 (E.D. Cal. Apr. 21, 2026) and waives prudential exhaustion in light of petitioner's challenge to his detention absent notice and a pre-deprivation hearing as violating due process.

Next, the court incorporates the reasoning set forth in *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR (HC), 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026), in which the court determined that failure to provide an initial custody determination either prior to or contemporaneously with detention, as required by § 1226(a), mandates petitioner's release. Here, respondent has not come forward with any evidence that petitioner was provided an initial custody determination, and he is therefore entitled to habeas relief in the form of an order that he be released from custody.

Finally, the court incorporates the reasoning set forth in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083, at *3–5 (E.D. Cal. Nov. 21, 2025), where the court concluded that due process required a pre-detention hearing to protect the petitioner's liberty interest in his continued release, in light of his prior release from immigration detention. Here, respondent states that petitioner was first apprehended by Customs and Border Patrol ("CBP") on December 5, 2022, when he entered the United States. (Doc. No. 6-1 at 2.)

Petitioner was released sometime thereafter and not re-detained until August 11, 2026 by ICE. (*Id.* at 1.) Accordingly, the court will grant petitioner's petition for writ of habeas corpus on the merits and order his immediate release.

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
   a. Respondents are ORDERED to immediately release petitioner Roberto Cornejo Gonzalez, A-File No. 246-394-020, from respondent's custody under the same conditions, if any, he was subject to prior to his re-detention on or about August 11, 2026;
   b. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner unless they provide petitioner with notice and a pre-detention hearing before an immigration judge, at which hearing the government will have the burden of establishing that petitioner is a danger or flight risk by clear and convincing evidence;
2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting him habeas relief;
3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and
4. The Clerk of the Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **September 10, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE